[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 29, 2007
THOMAS K. KAHN
CLERK

_____

No. 06-16018
Non-Argument Calendar

_____

D. C. Docket No. 06-00018-CR-4-SPM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOHN OSCAR MESSICK,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

**(May 29, 2007)**

Before TJOFLAT, WILSON and PRYOR, Circuit Judges.

PER CURIAM:

On a plea of guilty to possessing child pornography in violation of 18

U.S.C. § 2252A(a)(5)(B), the district court sentenced appellant to a prison term of 60 months. He now appeals his sentence, contending that it is unreasonable because, among other things, he is 79 years old and in failing health.

The FBI and Florida Department of Law Enforcement were investigating subscribers of a child pornography website when they discovered that appellant had used his PayPal account to subscribe to the site so he could download images of child pornography. Agents interviewed him at his home, at which time he consented to a search of his home and his computer. The computer revealed 11,913 images of child pornography. He admitted to downloading such pornography, including some that depicted infants, every two or three days.

The Guidelines prescribed a sentence range of 78-97 months' imprisonment, given appellant's total offense level of 28[1] and criminal history category of I. At the sentencing hearing, appellant provided the details of his poor health and honorable military background, which included service during the Korean War. After hearing from appellant's family and friends regarding appellant's good character and the testimony of a Bureau of Prisons physician, who said that the

---

[1] In arriving at the total offense level, the court adjusted the base offense level upward by 2 levels because the pornography included images of children under 12; 4 levels because it portrayed sadistic or masochistic conduct; 2 levels because the crime involved the use of a computer; and 5 levels because appellant possessed over 600 images. The court then reduced the offense level by 3 levels for acceptance of responsibility.

Bureau could take care of appellant's medical needs, the district court considered the Guidelines sentence range and the sentencing factors set out in 18 U.S.C. § 3553(a) and imposed a sentence considerably below the sentence range.

In determining whether a sentence is reasonable, we ask first whether the district court correctly calculated the Guidelines sentence range. United States v. Talley, 431 F.3d 784, 786 (11th Cir. 2005). The answer is that the district court did that here. Next, we ask whether the court took into account the sentencing purposes set out in § 3553(a). Id. The answer is that the court did so. Given that the court correctly determined the Guidelines sentence range, considered the § 3553(a) sentencing purposes, and gave due weight to the mitigating circumstances appellant presented (which, in large part, accounted for the court's downward departure from the sentence range), we cannot conclude that appellant's sentence is unreasonable. The sentence is therefore

**AFFIRMED.**